IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02646-PAB

ROBERT MARESCA, derivatively on behalf of Ampio Pharmaceuticals, Inc.,

    Plaintiff,

v.

MICHAEL A. MARTINO,
MICHAEL MACALUSO,
HOLLI CHEREVKA,
DAVID BAR-OR,
DAVID STEVENS,
J. KEVIN BUCHI,
PHILIP H. COELHO,
RICHARD B. GILES, and
AMPIO PHARMACEUTICALS, INC., a Delaware Corporation, nominal defendant,

    Defendants.

## ORDER

This matter is before the Court on the Joint Unopposed Motion for Consolidation and Appointment of Co-Lead Counsel [Docket No. 8], wherein plaintiff Robert Maresca requests an order consolidating this case with *Marquis v. Martino et al.*, No. 22-cv-02803-PAB-KLM and appointing co-lead counsel. Plaintiff Samantha Marquis in No. 22-cv-02803 joins the motion; the defendants in both cases do not oppose the motion.[1] Docket No. 8 at 3.

Rule 42 of the Federal Rules of Civil Procedure permits consolidation when

---

[1] Plaintiffs state that defendant Richard Giles did not provide his opinion on consolidating the cases. Docket No. 8 at 3.

cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)). Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Plaintiffs assert that the two cases involve common questions of law and fact. Docket No. 8 at 4-6. Both cases assert derivative breach of fiduciary duty claims and violations of Section 14(a) of the Exchange Act on behalf of Ampio Pharmaceuticals Inc. *Id.* at 5. Both actions name the same defendants and are based on the same allegations. *Id.*

The Court agrees that consolidation is warranted. Judge Raymond Moore ordered 22-cv-02803 to be reassigned under D.C.Colo.L.Civ.R. 40.1 for the purpose of consolidating these cases. *Marquis*, No. 22-cv-02803-PAB-KLM, Docket No. 16 at 1. Because these cases involve the same underlying facts and the same defendants, it is in the interest of judicial economy and efficiency to consolidate them. *See Skaggs v. Level 3 Commc'ns, Inc.*, No. 09-cv-00200-PAB-CBS, 2009 WL 458682, at *2 (D. Colo.

Feb. 24, 2009) ("The interest of judicial economy is unquestionably served by consolidation in this instance because it will eliminate the need for various judicial officers to address and rule on substantially the same issues in three different cases. Similarly, defendants stand to benefit from responding to filings in only one case rather than [two]."). The unopposed motion to consolidate will be granted pursuant to D.C.COLO.LCivR 42.1.

Plaintiffs seek appointment of The Rosen Law Firm, P.A. ("Rosen Law"), counsel for Samantha Marquis, and The Brown Law Firm P.C. ("Brown Law") as co-lead counsel upon consolidation. Docket No. 8 at 7. Plaintiffs represent that Brown Law is counsel for Robert Maresca. *Id.* at 9. However, "[u]nless otherwise ordered, an attorney shall not appear in a matter before the court unless the attorney has filed an Entry of Appearance or an Entry of Appearance to Provide Limited Representation or signed and filed a pleading or document." D.C.COLO.LAttyR 5(a)(1). No attorneys from Brown Law have entered an appearance in this case. Robert Maresca is currently represented by Karen Cody Hopkins of the Cody-Hopkins Law Firm. Docket No 1 at 64. The Court will deny the request to appoint co-lead counsel until an attorney from Brown Law has entered an appearance.

Wherefore, it is

**ORDERED** that the Joint Unopposed Motion for Consolidation and Appointment of Co-Lead Counsel [Docket No. 8] is **GRANTED in part and DENIED in part**. It is further

**ORDERED** that the portion of Docket No. 8 seeking appointment of co-lead

counsel is **DENIED without prejudice**. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 22-cv-02646-PAB and 22-cv-02803-PAB-KLM shall be consolidated. It is further

**ORDERED** that all pleadings shall be filed in this case only and shall be captioned as follows:

---

Civil Action No. 22-cv-02646-PAB
 (Consolidated with Civil Action No. 22-cv-02803-PAB-KLM)

ROBERT MARESCA, derivatively on behalf of Ampio Pharmaceuticals, Inc.,

 Plaintiff,

v.

MICHAEL A. MARTINO,
MICHAEL MACALUSO,
HOLLI CHEREVKA,
DAVID BAR-OR,
DAVID STEVENS,
J. KEVIN BUCHI,
PHILIP H. COELHO,
RICHARD B. GILES, and
AMPIO PHARMACEUTICALS, INC., a Delaware Corporation, nominal defendant,

 Defendants.

---

Civil Action No. 22-cv-02803-PAB-KLM

SAMANTHA MARQUIS, derivatively on behalf of
AMPIO PHARMACEUTICALS, INC.,

 Plaintiff,

v.

4

MICHAEL A. MARTINO,
MICHAEL MACALUSO,
HOLLI CHEREVKA,
DAVID BAR-OR,
DAVID STEVENS,
J. KEVIN BUCHI,
PHILIP H. COELHO,
RICHARD B. GILES, and
AMPIO PHARMACEUTICALS, INC., a Delaware Corporation, nominal defendant,

    Defendants.

DATED January 10, 2023.

               BY THE COURT:

               _____
               PHILIP A. BRIMMER
               Chief United States District Judge